# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

## AT TACOMA

| | | |
|---|---|---|
| **JULIANNA ZIMBUREAN**, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | |
| **VISION   CREDIT   SOLUTIONS,** | ) | *JURY TRIAL DEMANDED* |
| **LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## I.  NATURE OF ACTION

1.   This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and of the Revised Code of Washington, Chapter 19.16, both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy by intrusion, ancillary to Defendant's collection efforts.

Complaint - 1

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## II.  JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III.  PARTIES

3.  Plaintiff, Julianna Zimburean, is a natural person residing in the State of Washington, County of Kitsap, and City of Seabeck.

4.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and a "debtor" as defined by RCW § 19.16.100(11).

5.  At all relevant times herein, Defendant, Vision Credit Solutions, LLC ("Defendant") was a limited liability company engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

6.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and a "licensee," as defined by RCW § 19.16.100(9).

## IV.  FACTUAL ALLEGATIONS

7.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA and RCW § 19.16 in multiple ways, including but not limited to:

Complaint - 2

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

a. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, and falsely implying that legal process had already begun.  Defendant has repeatedly left voicemail messages on Plaintiff's answering machine stating that the call is in reference to "Docket # 15574152."  The use of the word "docket" for what amounts to a file number is an obvious attempt to mislead Plaintiff into believing that Defendant is affiliated with a court or is an attorney, and that legal action is imminent.  In voicemails left with Plaintiff, Defendant states that it will move forward with "further action" on the docket number if Plaintiff does not contact them back (§ 1692e(5));

b. Contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiffs employer.  On one occasion within the last 12 months, Defendant contacted Plaintiff at her place of employment.  Plaintiff informed Defendant that receiving calls at her place of employment was inconvenient and violated the policy of her employer, and hung up.  Defendant called back immediately (§ 1692c(a)(1)(3));

c. Failing to notify Plaintiff during each collection contact that the communication was from a debt collector.  Defendant left multiple voicemail messages with Plaintiff without notifying her that the communication was from a debt collector (§ 1692e(11));

d. Failing to disclose Defendants true corporate or business name in a telephone call to Plaintiff.  Defendant left multiple messages with Plaintiff without disclosing that the communication was from Vision Credit Solutions (§ 1692d(6)).

8.    Defendant's aforementioned activities, set out in paragraph 7, also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person.  With respect to the setting that was the target of Defendant's intrusions, Plaintiff had a subjective expectation of privacy that was objectively reasonable

Complaint - 3

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

under the circumstances.

9.      As a result of Defendant's behavior, detailed above, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT I: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

10.     Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.      Declaratory judgment that Defendant's conduct
        violated the FDCPA;
B.      Actual damages;
C.      Statutory damages;
D.      Costs and reasonable attorney's fees; and,
E.      For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF WASHINGTON COLLECTION AGENCY
## ACT,  WHICH IS A PER SE VIOLATION OF THE WASHINGTON
## CONSUMER PROTECTION ACT

11.     Plaintiff reincorporates by reference all of the preceding paragraphs.

Complaint - 4

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Actual damages;

B.    Discretionary Treble Damages;

C.    Costs and reasonable attorney's fees,

D.    For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION

12.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Actual damages

B.    Punitive Damages; and,

C.    For such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of December, 2009.

s/Jon N. Robbins
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

Complaint - 5

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com